IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DYLAN WEINSTEIN,

    Plaintiff,

v.                                                        Civ. No. 24-1262 GJF/GBW

NEW MEXICO JUNIOR
COLLEGE, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court upon Plaintiff's Response to Order to Show Cause. *Doc. 7*. On March 28, 2025, the Court filed an Order to Show Cause due to Plaintiff's failure to serve Defendants in a timely manner. *Doc. 3*. On April 10, 2025, Plaintiff filed a response to the Court's Order to Show Cause indicating that he served each Defendant within 90 days of December 16, 2024, the date on which he filed his Complaint. *Doc. 7*. Plaintiff filed proof of service on April 10, 2025, indicating that Defendant Coburn's deadline to file an answer or other responsive pleading was January 24, 2025, and that the deadlines for Defendants New Mexico Law Enforcement Academy Board and New Mexico Junior College were January 28, 2025.[1] *See docs*. *4*, *5*,

---

[1] The Court has concerns regarding the adequacy of service on Defendants New Mexico Law Enforcement Academy Board and New Mexico Junior College, as Plaintiff has not demonstrated that the New Mexico Attorney General was served, as required by Rule 1-004(H)(1)(b) NMRA.

1

6. To date, however, no such answers or responsive pleadings have been filed, and Plaintiff has failed to take any further action to prosecute his case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute *sua sponte*. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Additionally, the Court may impose sanctions for Plaintiff's failure to prosecute based on the Court's inherent power to regulate its docket and promote judicial efficiency. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). Based on Plaintiff's failure to prosecute his case, he will be required to show cause why this case should not be dismissed.

Wherefore, **IT IS HEREBY ORDERED** that, **no later than fourteen (14) days from the date of this order**, Plaintiff shall show cause in writing why the Court should not assess the sanction of dismissal for failure to prosecute. Failure to respond to this Order shall constitute an independent basis for dismissal.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE